UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JACK FITZPATRICK, Individually and as Father and Legal and Natural Guardian of D.F., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF FORT WAYNE, )<br>and OFFICER BOBBY LEMON, )<br>)<br>Defendants. ) | Case No. 1:07-CV-0259-RBC |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE

Comes now the Plaintiffs, Jack Fitzpatrick and Daniel Fitzpatrick, by counsel, and submits the following Response to Defendants' Motion in Limine:

**A.  Plaintiffs have no objections to the following portions of Defendants' Motions In Limine:**

Paragraphs 1- 3, and Paragraph 5 : Citizen complaints, other criminal or civil actions, or discipline against the Defendant Officer; References to settlement negotiations; References to whether the City of Fort Wayne would likely be paying for any judgment against the Defendant Officer; Daniel Fitzpatrick's notes of events of November 4, 2005.

**B.  As to Defendants' additional paragraphs in its motion, Plaintiffs respond as follows:**

**4.  Outcome of the criminal charges against Daniel Fitzpatrick.**

A natural consequence of the arrest of Plaintiff, Daniel Fitzpatrick, was that he was faced with charges, incarceration and home detention due to the arrest. Information as to the dismissal of the charges is relevant because it goes to the issue of Plaintiffs' damages, and reflects how long Plaintiffs' had to address the legal consequences, practical inconveniences, and emotional uncertainty stemming from a false arrest, some of which only ended once the criminal charges were

resolved.

In addition, the outcome of the criminal charges is relevant on the issue of damages, because the factual innocence of the Plaintiff is relevant on that issue. If false arrest of a guilty suspect creates damages due to the constitutional rights that were violated, the same or greater damage arguably occurs where the Plaintiff is innocent.

### 6. **Plaintiffs should not be permitted to admit or argue any information that was not disclosed under Federal Rule of Civil Procedure 26(e).**

Plaintiffs' respectfully request the Court reject this section of the Defendants' motion, as it is too vague and expansive for application, and provides insufficient guidance to both the Plaintiffs, and the Court as to what the Defendants are trying too prevent being presented to a jury. This portion of Defendants' motion is vague enough to apply to any valid and admissible arguments and inferences the Plaintiffs may address at trial that are not identified verbatim in Plaintiffs' initial disclosures or discovery responses. This paragraph is over broad because it potentially would not allow Plaintiffs to address newly revealed evidence, inferences and arguments that the defense opens the door to during the testimony of even Defendant Lemon, and Defendants' own witnesses.

Plaintiffs do not intend to admit or argue information not disclosed pursuant to Federal Rule of Civil Procedure 26(e). However, without a more specific identification from the Defendants as to what information, argument, or documents Defendants are referring to, Plaintiffs cannot necessarily prevent what evidence may come out through various witness testimony (from both parties' witnesses) or what previously undisclosed documentation even the Defendants may attempt to introduce at trial, such as for rebuttal purposes, that would justify admissions or arguments by the Plaintiffs not expressly stated in Plaintiffs' pre-trial disclosures or during the discovery process.

### 7. Daniel Fitzpatrick's testimony.

Defendants object to Plaintiff, Daniel Fitzpatrick's potential testimony on the following items, claiming such testimony would be speculative, prejudicial, irrelevant, and admissible heresay:

a. Statements by Mrs. Donald to Daniel that she informed Officer Lemon that Daniel had nothing to do with it. These statements by Mrs. Donald are admissible as admissions by a party opponent (she was previously a defendant in this suit). They are also admissible for the non-hearsay purpose of showing effect on listener.

b. Comments by Margaret Katter that she made to Daniel the day he went back to school. The comments are relevant and admissible because they are admission of by a party opponent. (Mrs. Katter was previously a defendant in this suit). The comments further are admissible to show the state of mind of a witness who, with Defendant Lemon, participated in the initial investigation of the school attack.

c. Testimony from Pastor James Thomas - Defendant contends that because Daniel Fitzpatrick said in his deposition that he did not receive counseling from Pastor Thomas, this witness' testimony should be deemed inadmissible due to lack of personal knowledge. However, the Defense never deposed Pastor Thomas, who, based on his own representations and those of Daniel's parents, Plaintiffs' counsel has reason to believe he did talk to and counseled Daniel regarding the false arrest/false imprisonment that lead to Plaintiffs' suit. That a juvenile, after the passage of two years, might forget the name or identity of one of the individuals he received counseling from should not preclude the individual from testifying. If Defendants doubt the accuracy of Pastor Thomas' recollection or testimony about what services he provided to Daniel,

they should address it during cross examination.

    d.    Defendant objects to Daniel Fitzpatrick's testifying that he was incarcerated for four (4) days for "something he didn't do".   This testimony is relevant because it goes to the issue of the Plaintiffs' damages.  Given that violation of a guilty suspect's Fourth Amendment rights by false arrest/false imprisonment has the potential to create damages, certainly the same rights violation may create a greater level of damage to an innocent suspect. In addition, this is evidence expected to be corroborated by Plaintiffs' witnesses at trial, which put into context the testimony from victim E.J., regarding what he informed Officer Lemon of during the investigation of the attack.

    e.    Testimony from Daniel as to his opinion about whether Lemon could believe Daniel did anything wrong based on what Lemon saw is a lay opinion, and lay opinions are admissible at trial.  See Fed. Rule of Evidence 701.  Daniel's opinion, if offered at trial, would be based on Daniel's personal review of the same video images that Lemon reviewed in this case, and Daniel's view of the conditions under which Lemon interviewed him - the group interrogation that took place in this case.

Daniel Fitzpatrick's opinion is furthermore highly relevant, because it is his position in this case, and a significant motivation behind why he and his father brought suit.  The jury has a right to hear why a teen who went through the ordeal of a false arrest and false imprisonment would choose to be subjected to the ordeal of a trial in a civil suit.

    **8.**    **Jack Fitzpatrick's testimony.**

Defendants object to certain portions of testimony it anticipates may be submitted by Plaintiff Jack Fitzpatrick, on the grounds that the testimony would be speculative, prejudicial,

irrelevant, and inadmissable heresay. These items are as follows:

    a. Any testimony as to any of the events that occurred on November 4, 2005, including information that Mr. Fitzpatrick "heard" about the events of that date, on the grounds that this information is irrelevant. Plaintiffs object to this portion of Defendants' motion to the extent that it may exclude testimony from Mr. Fitzpatrick as to what he was told by Officer Lemon or previous defendants in the case, regarding Lemon's arrest of Daniel, his investigation of the incident, his reasons for the arrest, and what knowledge Officer Lemon had regarding the incident that Daniel was arrested for. Such statements are relevant as they address the issue of what information Lemon may have had that either created probable cause for the arrest, the motive or reason Lemon may have arrested Daniel for instead of probable cause. Such statements from former defendants Kathy Donald and/or Margaret Katter are relevant as to whether Lemon committed false arrest against Daniel, and admissible as admissions by a party opponent or admissions against interest. Such statements from Lemon would also be both relevant to a determination as to whether Lemon committed false arrest against Daniel, and admissible potentially as admissions by a party opponent or admissions against interest.

    b. Testimony from Jack Fitzpatrick (and Carol Fitzpatrick) that Assistant Principal Donald said Daniel was arrested "for his safety". Defendant claims such statements are irrelevant, speculative, inadmissable heresay, and prejudicial.

This testimony is admissible, because it represents an admission against interest by a party opponent. Ms. Donald previously was a party to the current lawsuit, and this represents an admission that the decision to arrest Mr. Fitzpatrick was not in accordance with the Fourth

Amendment requirements that an arrest must be pursuant to probable cause. This admission is extremely relevant, because a determinative issue in the case is whether Daniel was arrested with or without probable cause. This testimony is therefore highly probative, outweighing any potential, prejudicial impact of the statement.

Finally, there has been no showing that Mrs. Donald, as the Assistant Principal at the school where the arrest occurred and one of the administrators involved in the initial investigation, was not in a position to have knowledge as to the reasons for Daniel's arrest. Whether she had sufficient contact and first hand knowledge of the reasons for Daniel's arrest is an issue properly addressable by Defendants on cross examination (or direct, if they choose to utilize this witness themselves).

c. Testimony from Mr. Fitzpatrick about what E.J. said he told school staff regarding Daniel's innocence - Plaintiffs do not object to this portion of Defendants' motion.

d. Testimony from Mr. Fitzpatrick as to comments made by a state court judge at the Plaintiff's juvenile offense/criminal hearing - Plaintiffs do not object to this portion of Defendants' motion.

e. Testimony from Mr. Fitzpatrick that student E.J. had nothing to do with beating up E.J. - Plaintiffs do not object to this portion of Defendants' motion.

**9.     Affidavit of Daniel Fitzpatrick.**

Defendants seek to suppress testimony as to statements made by Daniel Fitzpatrick in Paragraphs 5, 9, 10, 11, and 13 of his Affidavit, and seeks to have the Affidavit itself deemed inadmissable. The Plaintiffs do not intend to introduce the Daniel Fitzpatrick Affidavit as evidence at trial, but may seek to introduce through Daniel Fitzpatrick's in court testimony, facts and statements reflected in the affidavit.

Defendants object to the evidence reflected in Affidavit ¶¶5 and 10, on the grounds that Plaintiff's statements that he did not participate in the physical attack on E.J., and did not do anything to hurt E.J. in the bathroom, is irrelevant.  However, information as to the Plaintiff's innocence is, of course, relevant in a claim of wrongful seizure, false arrest and false imprisonment.  The information offered goes to illustrate the fact that simple suspicion of a individual's guilt due to their presence at the scene of criminal activity is not the same as having the facts needed to create probable cause to arrest, such as facts as to the actual identification of a suspect as a perpetrator, actual video-taped evidence of the perpetrator engaging in the criminal activity, or having a specific statement from a victim or confession from a suspect tying the suspect to the criminal activity.

Statements as to the Plaintiff's actual, factual innocence of the offenses he was arrested for is highly relevant, because this illustrates part the reason that probable cause is required in order to make a warrantless arrest of an individual – because without probable cause, there is the heightened risk of what happened to the Plaintiff, which was a wrongful deprivation of his rights and liberty, in spite of his innocence.

Statements by Plaintiff that he failed to fight off the attackers or yell out for help in the bathroom because he was scared are also relevant, because they illustrate the same reasons it was unreasonable for Defendant Lemon to think that during a group interrogation of the Plaintiff and the perpetrators from the bathroom, the Plaintiff's silence as to who was guilty somehow created probable cause to arrest the Plaintiff for the attack.

Defendants object to the statement in the second sentence of Plaintiff's Affidavit, ¶9, claiming that the statement of Kathy Donald is hearsay.  The statement is admissible, however, for the non-hearsay purpose of showing the information Defendant Lemon was provided prior to

7

arresting Plaintiff. Officer Lemon, for example, will presumably seek to admit into evidence statements Lemon reportedly received from student E.J., not for the hearsay purpose of proving the truth of what the statements asserted as to what E.J. knew about the attack, but rather to show the specific information provided to Officer Lemon prior to Daniel Fitzpatrick's arrest. Kathy Donald's statement is also for the same non-hearsay purpose, and therefore admissible.

Defendants object to Plaintiff's Affidavit, ¶11, on the grounds that the disposition of the Plaintiff's charges are irrelevant to an arresting officer's liability. However, this is incorrect because the disposition of the Plaintiff's charges is relevant as to the issue of the Plaintiff's damages, among other things. The length of time that an individual is incarcerated and prosecuted following a false arrest affects how much loss of liberty, emotional distress, and inconvenience to which the individual is subjected.

Defendants also seek to strike Plaintiff testimony reflected in ¶13 of the Affidavit, that "he was wrongfully arrested and incarcerated", and how that made him feel, claiming the statements contains inadmissible legal conclusions and irrelevant statements. Yet, there are no legal conclusions drawn by the statement – Daniel was factually innocent, and he should not have been arrested, because he is innocent. If an arrest of an innocent person is not wrong in our country, Indiana and Federal law would not have set forth any standard for an officer to adhere to before arresting an individual. Statements as to the disposition of the Plaintiff's charges is therefor relevant and admissible on the issue of damages. That Plaintiffs believe Daniel's arrest and incarceration were wrong is relevant because that is their position in this lawsuit.

In addition, Daniel's description of his emotional reaction to his arrest and incarceration in spite of his innocence is relevant and admissible on the issue of Daniel's damages.

**10.     Affidavit of Jack Fitzpatrick.**

Defendants object to testimony from Jack Fitzpatrick as to information reflected in ¶¶ 4, 5, 6, 7, and 8 of his Affidavit. The Plaintiffs will not be introducing the Jack Fitzpatrick Affidavit as evidence at trial, but may seek to introduce through testimony the facts and statements reflected in the affidavit.

Statements reflected in ¶ 4 of the Jack Fitzpatrick Affidavit are admissible because they represent information showing that Mr. Fitzpatrick had personal knowledge regarding the relationship between Daniel and E.J.  Paragraph 4 explains that Mr. Fitzpatrick was familiar with E.J., as well as E.J.'s father, who was a deacon at Mr. Fitzpatrick's church.  Being also familiar with his own son, Daniel, Mr. Fitzpatrick would have been in a position to know something about his son's circle of friends and relationships with his son's peers, fellow students, and friends.

Evidence reflected in Mr. Fitzpatrick's Affidavit ¶ 5 is relevant because it goes to the issue of Daniel Fitzpatrick's damages.  However, Plaintiffs do not intend to introduce evidence that the other students arrested with Daniel were expelled from school.  Consequently, Plaintiffs do not object to the portion of Defendants' motion in limine addressing references to the expulsion of Daniel's fellow students.

Plaintiffs do not object to Defendants' motion as to facts contained in ¶¶ 7 and 8 of Jack Fitzpatrick's Affidavit, as Plaintiffs will not be arguing that Daniel's false arrest resulted in a change in school performance, nor introducing evidence as to his school performance.

**11.     Affidavit of Elbert Johnson, Jr.**

Defendants object to introduction of the evidence reflected in ¶¶ 3 and 5 of Elbert Johnson's

Jr.'s Affidavit.  The Plaintiffs will not be introducing Elbert Johnson Jr.'s Affidavit as evidence at trial, but may seek to introduce through witness' testimony facts and statements reflected in the affidavit.

Paragraph 3 of Elbert Johnson, Jr.'s, Affidavit states that he saw Daniel Fitzpatrick with his arms out "as if trying to hold them away from me."  It is further stated in ¶ 4 that "I spoke with Officer Lemon about what happened . . . I told Lemon about seeing Daniel with his arms out."  A reasonable inference is that in explaining that he saw Daniel with his arms out, Elbert Johnson, Jr., also indicated to Officer Lemon the manner the arms were held out.  Any clarification on this can be addressed by Defendants on cross examination.  All of the information reflected in ¶ 3 is relevant and admissible on the issue what Defendant Lemon knew at the time of Daniel's arrest, and whether probable cause existed to support the arrest.  Should the Defendants wish to debate or contradict the strength and relevancy of Elbert Johnson, Jr.'s, testimony in ¶ 3 (and ¶ 4), the time to do so is through cross examination at trial, not by a Motion In Limine.

Evidence reflected in ¶ 5 of Elbert Johnson, Jr.'s, Affidavit is relevant and admissible, because it goes to the truth of the circumstances and relationship between Daniel Fitzpatrick and Elbert Johnson, Jr., at the time of the attack – it shows that there was no motive on the part of Daniel to attack Elbert (E.J.), and that as evidenced by their continued warm relationship following the incident in the bathroom, Daniel had done nothing to harm E.J., contrary to the allegations that Officer Lemon brought against Daniel by charging him with battery, criminal confinement, and criminal gang activity.  The evidence the Defendants seek to suppress from Elbert Johnson Jr.'s affidavit testimony is therefore both relevant and admissible.

**12.     Affidavit of Elbert Johnson, Sr.**

Defendants object to the evidence reflected in ¶¶ 4, 6, and 7 of Mr. Johnson's Affidavit, on the grounds that the information in these paragraphs is irrelevant and is inadmissible hearsay. Plaintiffs will not be seeking to admit the affidavit itself into evidence at trial, but may seek to introduce through the witness' testimony facts and statements reflected in the aforementioned affidavit paragraphs.

The information reflected in ¶ 4, that E.J. told Mr. Johnson, that Daniel was not one of the attackers, is admissible for the non-hearsay purpose showing the effect on the listener, and is relevant because it puts into context why Mr. Johnson later discussed Daniel's arrest with Officer Lemon.

In addition, ¶ 6 is relevant, as it addresses the context and substance of a conversation between Mr. Johnson and Officer Lemon after the Defendant Lemon's arrest of Daniel Fitzpatrick, in which Defendant Lemon makes statements indicating the arrest was due to something other than probable cause. The statements by Elbert Johnson Sr. to Defendant Lemon will not be offered to prove the matter asserted, but rather for the non-hearsay purposes of showing the effect of those statements on the listener, Officer Lemon. The statements by Defendant Lemon, in response to the claim that Daniel was arrested for his own safety, was that he disagreed with the school's procedures - in context, this response is an admission against interest by a party opponent, and assent to the assertion that (accurate or not), Daniel's arrest was not based on probable cause, but was to supposedly "protect him", making the statements admissible pursuant to Federal Rule of Evidence 801(d)(2). Statements reflected in ¶ 6, therefore, are relevant as to the issue of whether Daniel was arrested in spite of an absence of probable cause, and the statements are also admissible at trial.

The statements reflected in ¶ 7 are relevant, that Mr. Johnson knew his son and Daniel Fitzpatrick to be good friends, are admissible because it is evidence that Defendant Lemon received exculpatory information within hours of arresting Daniel Fitzpatrick, but failed to take steps to "unring the bell" or otherwise correct the action he took in arresting and detaining Daniel.

**13.    A.C. Eldridge testimony**.

Testimony from teacher A.C. Eldridge's about his conversation with Daniel Fitzpatrick following the student attack, is relevant and admissible. This information includes non-hearsay information as to the nature of the information Daniel provided about the attack; it also may include specifics of the information Daniel provided. This testimony is therefore relevant and admissible because it puts into context events leading up to the decision to interrogate Daniel along with the rest of the students at the scene of the attack. Mr. Eldridge's testimony on this subject additionally puts into context the contrast between Daniel's response to questioning away from the view and reach of the perpetrators, compared to Daniel's response when interrogated by Lemon in front of the perpetrators, thereby assisting the jury to understand objectively why Daniel's failure to "name names" for Defendant Lemon was not in itself probable cause for arrest.

Testimony as to what information Eldridge gave to school officials that spoke with Defendant Lemon regarding the student attack is admissible for impeachment purposes, Defendants' witnesses that are school staff deny having or providing exculpatory information to Officer Lemon prior to Daniel's arrest.

          Respectfully submitted,

          **CHRISTOPHER C. MYERS & ASSOCIATES**

          s/Ilene M. Smith
          Christopher C. Myers, #10043-02
          Ilene M. Smith, #22818-02
          809 South Calhoun Street, Suite 400
          Fort Wayne, IN 46802-2307
          Telephone: (260) 424-0600
          Facsimile:   (260) 424-0712
          Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned hereby swears and affirms that a true and correct copy of the above was deposited in the United States Mail, ECF, or by some other method approved by this Court, on this 24th day of June, 2009, to the following:

Carolyn M. Trier
TRIER LAW OFFICE
P.O. Box 5528
Fort Wayne, Indiana 46895

          s/Ilene M. Smith
          Ilene M. Smith

IMS/kf
S:\Fitzpatrick, Jack\Trial\Resp. to Def. Motion In Limine.wpd