UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JACK FITZPATRICK, Individually and as )
Father and Legal and Natural Guardian of )
 D.F.   (a minor), )
 )
        Plaintiffs, )
 )
v. )          CASE NO.  1:07CV-259
 )
CITY OF FORT WAYNE, )
and OFFICER BOBBY LEMON, )
 )
        Defendants. )

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE
TO DEFENDANTS' MOTION IN LIMINE**

The plaintiffs have filed a response to defendants' motion in limine.  The defendants reply

to the plaintiffs' response to defendants' motion in limine as follows:

**Outcome of the criminal charges against Daniel Fitzpatrick**

The plaintiffs and the plaintiffs' counsel should not be permitted to make statements or

introduce testimony and exhibits that show the outcome of the criminal charges against Daniel

Fitzpatrick.  The outcome of the charges is not relevant to whether Officer Lemon had probable

cause to arrest Daniel Fitzpatrick.  See, e.g., Estate of Moreland v. Dieter, 395 F.3d 747, 755 (7th

Cir. 2005) ("Evidence of acquittal in a criminal action is generally irrelevant and inadmissible in

a civil case involving the same incident since it constitutes a 'negative sort of conclusion lodged

in a finding of failure of prosecution to sustain the burden of proof beyond a reasonable

doubt.'").  Further, in Washington v. Haupert, Slygh, and Rogers, United States District Court,

Northern District of Indiana, Fort Wayne Division, Case Number 1:03-CV-096, Judge Theresa

Springmann granted the Defendants' Motion in Limine and excluded from evidence the outcome

of the criminal charges in an alleged unlawful arrest case.  Likewise, the plaintiffs and their counsel should be prohibited from introducing any evidence about the outcome of the criminal charges under Rules 401, 402, and 403.

The plaintiffs claim that the "dismissal of the charges" is relevant to the plaintiffs' damages.  The plaintiffs are wrong.  Regardless of the outcome of the criminal charges, Daniel Fitzpatrick would still have spent the same amount of time at the Allen County Juvenile Center and been under home detention.  The plaintiffs can still address the amount of time Daniel spent incarcerated and on home detention without introducing evidence of the outcome of the charges. There is no need for the outcome of the criminal charges to be introduced, other than the plaintiffs' desire to introduce this evidence to suggest to the jury that a judge agreed with the plaintiffs' side.

The plaintiffs also seem to argue that the outcome of the criminal charges is relevant to damages because if an innocent person is falsely arrested, the damages are "the same or greater" than if a "guilty suspect" is falsely arrested.[1]  The problem with the plaintiffs' argument is that simply because the criminal charges are dismissed does not mean that the plaintiff is innocent. Further, simply because the criminal charges are dismissed does not mean that there was not probable cause to arrest the plaintiff.

The plaintiffs have not cited any legal authority to support their contention that the outcome of the criminal charges are admissible.  The defendants' motion in limine should be granted.

---

[1] It is not clear how a "guilty suspect" can be falsely arrested.

2

## Plaintiffs should not be permitted to admit or argue any information that was not disclosed under Federal Rule of Civil Procedure 26(e)

The plaintiffs and the plaintiffs' counsel should not be able to introduce, admit, or argue any information that they failed to provide pursuant to Federal Rule of Procedure 26(e). The plaintiffs have a duty to supplement any discovery responses. The plaintiffs argue that defendants' motion in limine regarding this issue is too vague. However, this section is not vague. Rather, this section is simple and straightforward. The plaintiffs should not be permitted to admit or argue any information not previously disclosed to the defendants in accordance with the Federal Rules of Civil Procedure. The defendants are entitled to be provided with sufficient notice as to what documents and witnesses can be expected to be presented by the plaintiffs at trial. If the plaintiffs fail to disclose such information, then said information should be excluded.

## Daniel Fitzpatrick's Testimony

Daniel Fitzpatrick should not be allowed to testify that Mrs. Donald allegedly told Officer Lemon that Daniel "had nothing to do with it". This testimony constitutes inadmissible hearsay. Contrary to the plaintiffs' contention, these statements are not admissible as admissions by a party-opponent because Mrs. Donald does not qualify as a party-opponent under Federal Rule of Evidence 801(d)(2). She is not a party to this lawsuit. Federal Rule of Evidence 801(d)(2) states:

> "Admission by party-opponent. The statement is offered against a party and is (A) the party's own statement in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the

agency or employment made during the existence of the relationship, or (E) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy."

The comment allegedly made by Mrs. Donald is obviously not Officer Lemon's own statement; Officer Lemon has not manifested an adoption or belief in this alleged comment; Mrs. Donald was not authorized by Officer Lemon to make this alleged comment; Mrs. Donald was not Officer Lemon's agent; nor did Mrs. Donald make this comment during the course and in the furtherance of a conspiracy. Therefore, Mrs. Donald's alleged comment is not admissible as an admission by a party-opponent.

The plaintiffs contend the statement allegedly made by Mrs. Donald is "admissible for the non-hearsay purpose of showing effect on listener". The plaintiffs, however, fail to cite to any legal authority to support this argument.

Further, Daniel Fitzpatrick should not be allowed to testify about any comments made by Margaret Katter; including, that she apologized the day he went back to school after this incident; that it was a mistake, that they didn't do it right, that the way the people were involved in getting arrested was wrong; that Mrs. Katter hopes we can forgive her. This testimony is completely irrelevant, highly prejudicial, and constitutes inadmissible hearsay.

The plaintiffs contend Daniel should be able to testify regarding Mrs. Katter's comments because they are admissible as an admission by a party-opponent. However, Mrs. Katter is not a party-opponent. She is not a party to this lawsuit. Her alleged comments do not meet the requirements of Federal Rule of Evidence 801(d)(2) for the same reasons Mrs. Donald's comment does not qualify as an admission by a party-opponent.

The plaintiffs also fail to provide any legal authority to support their argument that the

4

comments are "admissible to show the state of mind of a witness".  However, if the plaintiffs are relying on Federal Rule of Evidence 803(3) as the basis for their argument, their reliance is not proper.  Under Federal Rule of Evidence 803(3), "statements indicating state of mind are generally admissible only when state of mind is in issue or when it tends to prove the doing of the act intended."  United States. v. Peak, 856 F.2d 825, 833 (7th Cir. 1988).  Further, for a statement to qualify as a state of mind exception under Rule 803(3), it "must be contemporaneous with the . . . event sought to be proven; [therefore] it must be shown that the declarant had no chance to reflect - that is no time to fabricate or misrepresent his thoughts . . .".  United States. v. Macey, 8F.3d 462, 467 (7th Cir. 1993).  "The state of mind exception does not authorize receipt of a statement by one person as proof of another's state of mind."  Hong v. Children's Memorial Hospital, 993 F.2d 1257, 1265 (7th Cir. 1993).

In this case, state of mind is not at issue because motive is not relevant.  In determining whether probable cause exists, the actual motives of the arresting officers are irrelevant; the question is whether the officer's actions were objectively reasonable in light of the facts and circumstances confronting him.  Scott v. United States, 98 S. Ct. 1717, 1723 (1978).  Further, this statement allegedly made by Mrs. Katter did not happen contemporaneously with the arrest of Daniel Fitzpatrick.  Daniel alleges in his affidavit that Mrs. Katter made these statements to him when he returned to school after the November 4, 2005 incident.  Thus, Mrs. Katter had plenty of time to reflect on the incident prior to making the alleged statements, and therefore, these statements do not qualify under the Federal Rule of Evidence 803(3) state of mind exception.

Pastor Thomas should not be allowed to testify because Daniel testified in his deposition

5

that he never spoke to Pastor Thomas regarding the November 4, 2005 incident. The plaintiffs contend that Pastor Thomas and Mr. and Mrs. Fitzpatrick believe Pastor Thomas spoke to Daniel about the incident and perhaps Daniel simply forgot he spoke to Pastor Thomas. However, Mr. and Mrs. Fitzpatrick do not have personal knowledge regarding what Daniel and Pastor Thomas spoke about at "counseling" regarding this incident.

Pastor Thomas should not be allowed to testify because Daniel testified that he did not speak to Pastor Thomas regarding the November 4, 2005 incident. Therefore, any purported testimony that Pastor Thomas would have to offer is irrelevant and not based on personal knowledge.

Daniel should not be permitted to testify that he was incarcerated for four days for "something he didn't do". This testimony is irrelevant to the issue of whether there was probable cause to arrest Daniel Fitzpatrick. The only information that is relevant is what Officer Lemon knew at the time he decided to arrest Daniel. Further, this testimony is self-serving and should not be admissible.

Daniel should not be allowed to testify that Daniel believes that Officer Lemon could not believe that Daniel did anything wrong based on what Officer Lemon saw. This testimony is irrelevant, highly prejudicial, and speculative. Lay opinions are admissible at trial under Rule of Evidence 701 when the opinions or inferences "are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue". Daniel's "opinion" does not meet either the first or second requirement of Rule 701. Therefore, his "opinion" does not qualify as an admissible lay opinion. Further, allowing this testimony from Daniel invades the province of the jury. The jury is to decide whether

6

Officer Lemon had probable cause to arrest Daniel based on Officer Lemon's observations.

### Jack Fitzpatrick's Testimony

Jack Fitzpatrick should not be allowed to testify about the events that occurred on November 4, 2005.  Mr. Fitzpatrick has no personal knowledge of events.

The plaintiffs argue that Mr. Fitzpatrick should be able to testify regarding information Officer Lemon or previous parties to this case told Mr. Fitzpatrick regarding Officer Lemon's arrest of Daniel, such as why Daniel was arrested and what E.J. allegedly told the school administrators.   The information was allegedly told to Mr. Fitzpatrick after Daniel's arrest.  Thus, the "information" is not relevant.  What Mr. Fitzpatrick "heard" after the arrest is not what Officer Lemon knew at the time he arrested Daniel Fitzpatrick.

The plaintiffs claim that what Officer Lemon allegedly told Mr. Fitzpatrick is relevant to show "the motive or reason Lemon may have arrested Daniel for".  However, in determining whether probable cause exists, the actual motives of the arresting officers are irrelevant; the question is whether the officer's actions were objectively reasonable in light of the facts and circumstances confronting him.  Scott v. United States, supra, at 1723.

Further, the statements Mr. Fitzpatrick "heard" from Mrs. Donald and Mrs. Katter are hearsay and are not admissible as admissions by a party-opponent because Mrs. Donald and Mrs. Katter are not parties to this lawsuit.  Their statements do not meet the requirements of Federal Rule of Evidence 801(d)(2).   In addition, these comments allegedly made by Mrs. Donald, Mrs. Katter, and Officer Lemon were made after Daniel was arrested.  The statements are not relevant to what Officer Lemon knew at the time he made the decision to arrest Daniel.

Jack Fitzpatrick and Carol Fitzpatrick should not be allowed to testify that the assistant

principal, Mrs. Donald, allegedly said that Daniel was "arrested for his safety".  This testimony is irrelevant, speculative, constitutes inadmissible hearsay, and is highly prejudicial.  This testimony is  not admissible as an admission against interest by a party-opponent.  Mrs. Donald is not a party-opponent.  The statement does not meet the requirements of Federal Rule of Evidence 801(d)(2).

**Affidavit of Daniel Fitzpatrick**

Daniel Fitzpatrick should not be allowed to testify as to the statements in paragraphs 5, 9, 10, 11, and 13 of Daniel Fitzpatrick's affidavit.  (Nor should Daniel's affidavit be admissible at trial since Daniel will be at trial to testify).  Daniel states in paragraph five:

> "I didn't try to stop the attack when I saw the boys kicking EJ on the floor, but I didn't do anything to hurt or touch E.J. either.  My friend Dedrian also was there and did nothing to touch or hurt E.J.  I didn't yell or try to pull the group off of E.J., because I was scared."

Similarly, Daniel states in paragraph ten:

> "I never did anything to hurt the boy who was attacked in the bathroom.  The boy, E.J., was a friend of mine, and still is a friend of mine."

Daniel Fitzpatrick should not be permitted to provide such testimony at trial because it is not relevant.  Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Contrary to the plaintiffs' contentions, these statements are not relevant to the determination of probable cause because Daniel Fitzpatrick did not report this "information" to Officer Bobby Lemon.  If Officer Lemon was not informed of this alleged information, then the information is not relevant.

8

Probable cause for an arrest exists when "an officer reasonably believes, in light of the facts and circumstances <u>within</u> <u>his</u> <u>knowledge</u> <u>at</u> <u>the</u> <u>time</u> <u>of</u> <u>the</u> <u>arrest</u>, that the suspect has committed, or is committing, an offense." <u>Thompson v. Wagner</u>, 319 F.3d 931, 934 (7th Cir. 2003) (emphasis added). "[C]ourts evaluate probable cause not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person <u>in the position</u> <u>of the arresting officer</u>– seeing what he saw, hearing what he heard." <u>U.S. v. Parra</u>, 402 F.3d 752 (7th Cir. 2005) (<u>quoting</u> <u>Mahoney v. Kesery</u>, 976 F.2d 675, 679 (7th Cir. 2000)) (emphasis in original).

Any alleged facts not within Officer Lemon's knowledge at the time of the arrest are not relevant. There is no evidence that any of the alleged information conveyed in paragraphs five or ten was ever conveyed to Office Lemon prior to arresting Daniel Fitzpatrick. In fact, Daniel Fitzpatrick testified in his deposition that when he was questioned about who assaulted E.J., Daniel did not speak up. (Daniel Fitzpatrick dep., p. 34). Thus, Daniel should not be allowed to testify about the information contained in paragraphs five and ten. It is irrelevant. <u>See Reynolds</u> <u>v. Jamison</u>, 488 F.3d 756, 765 (7th Cir. 2007) ("The fact that an officer later discovers additional evidence unknown to her at the time of the arrest, even if it tends to negate probable cause, is irrelevant - we only care about what the officer knew at the time the decision was made.").

Likewise, Daniel Fitzpatrick should not be allowed to testify that "he failed to fight off the attackers or yell out for help in the bathroom because he was scared." Daniel failed to provide Officer Lemon with this information at the time Officer Lemon was conducting the investigation on November 4, 2005, and therefore, this information is not relevant to probable cause because it was not known by Officer Lemon at the time he arrested Daniel.

9

Daniel Fitzpatrick should not be permitted to testify about the second sentence of paragraph nine because it constitutes inadmissible hearsay. The sentence states, "Before I was arrested, she (assistant principal Kathy Donald) told him that I didn't do anything." Federal Rule of Evidence 801 defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Unless an exception applies, hearsay is inadmissible. F.R.E. 802.

Paragraph nine contains an unsworn, out-of-court statement allegedly made by Kathy Donald. The statement is being offered for the truth of the matter asserted. Therefore, this statement is inadmissible hearsay. Further, Kathy Donald will be available to testify at trial. Daniel does not need to testify for her.

In paragraph 11, Daniel Fitzpatrick states "all of these charges were later dismissed". Whether the charges were dismissed is irrelevant. The outcome of a criminal charge is irrelevant in determining an arresting officer's liability. Gower v. Vercler, 377 F.3d 661 (7th Cir. 2004). "The validity of the arrest does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." Michigan v. DeFillippo, 443 U.S. 31, 36 (1979).

In addition, the outcome of the charges against Daniel Fitzpatrick is not relevant to damages. Regardless of the outcome of the criminal charges, Daniel Fitzpatrick would still have spent the same amount of time at the Allen County Juvenile Center and been under home detention. The plaintiffs can address the amount of time Daniel spent incarcerated and on home

10

detention as a result of the November 4, 2005 incident without introducing the outcome of the criminal charges.

Daniel Fitzpatrick should not be permitted to testify regarding the "information" contained in paragraph 13 of his affidavit.  In paragraph 13, Daniel states:

> "When I was falsely accused of helping to attack my friend, and wrongfully arrested and incarcerated, then later kept on home detention, it affected me by making me feel mad, scared, and all shook up."

This testimony should be excluded because it contains inadmissible legal conclusions and irrelevant statements.  The plaintiffs contend there are no legal conclusions contained in paragraph 13 of Daniel Fitzpatrick's affidavit.  The plaintiffs are wrong.  Statements by Daniel that he "was falsely accused" and  "wrongfully arrested and incarcerated" are clearly impermissible legal conclusions.  These issues are to be determined by the jury.  Therefore, defendants' motion in limine regarding the statements contained in paragraph 13 of Daniel Fitzpatrick's affidavit should be granted.

### **Affidavit of Jack Fitzpatrick**

Jack Fitzpatrick should not be allowed to testify about the "information" contained in paragraphs 4 or 5 of Jack Fitzpatrick's affidavit.  Any testimony based on statements made in paragraph 4 of Mr. Fitzpatrick's affidavit are not based on personal knowledge.  There is no showing that Mr. Fitzpatrick has personal knowledge of whether any conflicts occurred between Daniel and the victim.  Mr. Fitzpatrick was not at school that day prior to the attack.  He would not know if there had been any conflicts between his son and the victim on the day of the attack.  Simply because Mr. Fitzpatrick knows E.J. and his father does not mean Mr. Fitzpatrick has

personal knowledge regarding the interactions occurring between Daniel and E.J. prior to the incident in the boys' bathroom on November 4, 2005. Further, such testimony is irrelevant because there is no evidence that Officer Lemon had knowledge that Daniel and E.J. were getting "along fine".

The "information" contained in paragraph 5 of Mr. Fitzpatrick's affidavit regarding the outcome of the criminal charges and whether Daniel was expelled from school is irrelevant in determining whether probable cause existed to arrest Daniel. Further, the "information" contained in paragraph 5 of Mr. Fitzpatrick's affidavit is not relevant to damages. The outcome of the criminal charges has no effect on the fact that Daniel was incarcerated at the Allen County Juvenile Center and placed on home detention for a period of time. The jury can hear about Daniel's incarceration and home detention without hearing about the outcome of the criminal charges. Evidence of the outcome of the criminal charges is highly prejudicial, irrelevant, and may confuse the jury. The defendants' motion in limine on this issue should be granted.

**Affidavit of Elbert Johnson, Jr.**

In paragraph 3, Elbert Johnson, Jr., states that he saw Daniel Fitzpatrick with his arms out "as if trying to hold them away from me". Nowhere does Elbert state that he told Officer Lemon that Daniel had his arms out "as if trying to hold them away from me". Therefore, Elbert should not be allowed to offer this testimony at trial becuase the manner in which Daniel held his arms out was not told to Officer Lemon.

In paragraph 5, Elbert states that at the time of the attack and before the attack, he and Daniel were best friends, and that they are still friends. Elbert should not be permitted to offer this testimony at trial because it is irrelevant. There is no evidence that Officer Lemon knew this

12

alleged information when making his probable cause determination.  Also, Elbert Johnson, Jr.'s affidavit should not be admissible at trial since he is available to testify.

**Affidavit of Elbert Johnson, Sr.**

Elbert Johnson, Sr., should not be permitted to testify as to the "information" contained in paragraphs 4, 6, and 7 of his affidavit.  In paragraph 4, Mr. Johnson states, "EJ told me that Daniel was not one of the attackers."  This is not relevant in determining whether probable cause existed to arrest Daniel.  In evaluating probable cause "we only care about what the officers knew at the time the decision was made."  Reynolds v. Jamison, supra, at 765.  What EJ told his father about the attack is simply not relevant.  There is no evidence that EJ told Officer Lemon that Daniel was not one of the attackers.

In addition, the plaintiffs have failed to cite to any legal authority to support their contention that the "information" contained in paragraph 4 of Mr. Johnson's affidavit is admissible "for the non-hearsay purpose of showing the effect on the listener or because it puts into context why Mr. Johnson later discussed Daniel's arrest with Officer Lemon."

Likewise, Mr. Johnson should not be allowed to testify regarding the "information" contained in paragraph 6 of his affidavit, which states:  "I also talked to Officer Lemon that evening, and asked him why he took TJ and Daniel Fitzpatrick to "Wood" (Wood Youth Center/Allen County Juvenile Detention Center), when TJ and Daniel Fitzpatrick had not been attackers.  I told him that Ms. Katter said that TJ and Daniel had been arrested for their own "safety".  Officer Lemon told me that he did not agree with the procedures at the school."  This testimony should not be permitted because it is irrelevant, constitutes inadmissible hearsay, and

is highly prejudicial.  Further, Mr. Johnson should not be permitted to testify about "information" he provided to Officer Lemon relating to the attack of his son, the plaintiff's arrest, and/or alleged inculpatory statements Officer Lemon made in response to Mr. Johnson's statements because Mr. Johnson does not have any personal knowledge regarding his son's attack or the plaintiff's arrest.  Mr. Johnson's "knowledge" is simply based on "what he heard".  In addition, this "information" was conveyed after Officer Lemon decided to arrest Daniel Fitzpatrick.

Further, assuming there was some motive for arresting Daniel (i.e. for his safety), that testimony is irrelevant.  In determining whether probable cause exists, the actual motives of the arresting officers are irrelevant; the question is whether the officer's actions were objectively reasonable in light of the facts and circumstances confronting him.  Scott v. United States, supra, at 1723.

Once again, the plaintiffs fail to cite any legal authority to support their contention that the "information" contained in paragraph 6 of Mr. Johnson's affidavit is admissible "for the non-hearsay purpose of showing the effect of those statements on the listener".  In addition, the plaintiffs' contention that this alleged statement made by Officer Lemon is an "assent to the assertion that Daniel's arrest was not based on probable cause" is not true.  Even if Officer Lemon made the statement that he did not agree with the school's procedure (which he did not), this "statement" is not relevant to determining probable cause.  Whether Officer Lemon agrees with the school's procedure has no effect on whether probable cause existed to arrest Daniel Fitzpatrick.

14

In addition, Mr. Johnson should not be able to testify to the "information" set forth in paragraph 7 of his affidavit.  Paragraph 7 states:

> "To the best of my knowledge, EJ and Daniel Fitzpatrick were good friends at the time the attack occurred.  To the best of my knowledge, the two boys had not had any recent disagreements or any falling out.  They have continued to be friends since the incident.  They still get along well, and talk together frequently at church. Even though they go to different schools, they are still friends."

Mr. Johnson should not be permitted to testify about E.J. and Daniel's friendship because it is irrelevant to the determination of probable cause.  This "information" was not known to Officer Lemon at the time Daniel was arrested.  Further, it is irrelevant that Officer Lemon received this information "within hours of arresting Daniel Fitzpatrick" because this evidence was not available at the time Officer Lemon had to make the decision whether to arrest Daniel Fitzpatrick.  See Reynolds v. Jamison, 488 F.3d 756, 765 (7th Cir. 2007)("The fact that an officer later discovers additional evidence unknown to her at the time of the arrest, even if it tends to negate probable cause, is irrelevant - we only care about what the officer knew at the time the decision was made.").   Also, Mr. Johnson's affidavit should not be admissible at trial since he will be available to testify.

### A.C. Eldridge's Testimony

A.C. Eldridge should not be allowed to offer testimony regarding his alleged conversations with Daniel Fitzpatrick following the battery in the boys' bathroom on November 4, 2005.  This testimony constitutes inadmissible hearsay.  Further, this testimony is not relevant because the plaintiffs have provided no evidence that Mr. Eldridge provided Officer Lemon with any of the information he allegedly obtained from

Daniel prior to Officer Lemon making the decision to arrest the students involved in the incident.  All that is relevant is what Officer Lemon knew at the time he made the decision to arrest Daniel Fitzpatrick.  Further, the plaintiffs never disclosed in their initial disclosures or in any discovery responses that Mr. Eldridge had conversations with Daniel regarding the attack or that Daniel provided Mr. Eldridge with information about the attack.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, the defendants respectfully request that the Court grant their Motion in Limine and enter an Order directing the plaintiffs, their counsel, and all witnesses to refrain from any references to the items addressed in their motion in limine.

Respectfully submitted,

TRIER LAW OFFICE


s/Carolyn M. Trier
Carolyn M. Trier, Atty. # 15581-02
P.O. Box 5528
Fort Wayne, IN 46895
Telephone: (260) 485-7000
Fax: (260) 485-7003
ATTORNEY FOR DEFENDANTS

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of June, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Christopher Myers
Ilene Smith
CHRISTOPHER MYERS & ASSOCIATES
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802

<u>s/Carolyn M. Trier</u>
Carolyn M. Trier

17